THOMAS P. O'BRIEN
United States Attorney
CHRISTINE C. EWELL
Assistant United States Attorney
Chief, Criminal Division
JOHN J. LULEJIAN (Cal. State Bar No. 186783)
Assistant United States Attorney
SHAWN J. NELSON (Cal. State Bar No. 185149)
Special Assistant United States Attorney
Violent & Organized Crime Section
    1500 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone:  (213) 894-5339
    Facsimile:  (213) 894-3713
    Email: shawn.nelson@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>            v.<br><br>GERALD THOMAS,<br><br>            Defendant. | No. CR 07-01142-VBF<br><br><u>GOVERNMENT'S POSITION RE:<br>PRESENTENCE REPORT AND<br>SENTENCING FACTORS</u><br><br>DATE: February 18, 2009<br>TIME: 3:00 p.m.<br>PLACE: Courtroom 9 |

     Plaintiff, United States of America, through its attorney of record, the United States Attorney's Office for the Central District of California, hereby files the Government's Position Re: Presentence Report and Sentencing Factors.  The government's position is based upon the concurrently-filed memorandum of

\\\

\\\

\\\

\\\

1  points and authorities, the files and records of this case, the

2  Presentence Report, and any evidence or argument presented at the

3  hearing in this matter.

4

Date: February 2, 2009,   THOMAS P. O'BRIEN
5                          United States Attorney

6                          CHRISTINE C. EWELL
                            Assistant United States Attorney
7                          Chief, Criminal Division

8                          JOHN J. LULEJIAN
                            Assistant United States Attorney
9

10

                                    /S/
11                         _____
                            SHAWN J. NELSON
12                         Special Assistant United States Attorney
                            Violent & Organized Crime Section
13
                                Attorneys for Plaintiff
14                              UNITED STATES OF AMERICA

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2

# I.

## INTRODUCTION AND RECOMMENDATION

Defendant is before the court for sentencing after pleading guilty to two violations of 21 U.S.C. § 843(b), use of a communication facility in committing a felony drug offense.  As discussed below, defendant's offense level is 29 and his criminal history category is III, which would result in an advisory guidelines range of 108-135 months imprisonment.  However, because the maximum penalty for each of defendant's counts of conviction is 48 months, his advisory guidelines range becomes 96 months.  The United states Probation Office recommends a sentence of 60 months imprisonment.  The government recommends a sentence of 96 months imprisonment.

# II.

## FACTS[1]

Between January 7, 2006, and March 9, 2006, defendant conspired with Charles Twyman and Anthony Wheeler to possess with intent to distribute and distribute cocaine.  PSR ¶ 12. Defendant's role in this conspiracy was to convert powder cocaine to crack cocaine.  PSR ¶ 13.

On or about January 8, 2006, while in Los Angeles County, within the Central District of California, defendant used a telephone to communicate with Charles Twyman.  PSR ¶ 14.  In coded language, defendant discussed crack cocaine that had been prepared the previous evening.  PSR ¶ 14.  In coded language,

---

[1]   Except as otherwise noted, pursuant to Rule 32(i)(3)(A), the government respectfully requests the Court accept the "undisputed portion[s] of the presentence report as a finding of fact."

defendant stated that the cocaine had weighed 135 grams.  PSR ¶ 14.  Charles Twyman told defendant that he had given the crack cocaine to Wheeler.  PSR ¶ 14.

On or about March 9, 2006, defendant again spoke with Charles Twyman on the telephone.  PSR ¶ 15.  In coded language, defendant told Charles Twyman that he had made 146 grams of crack cocaine.  PSR ¶ 15.

A telephone is a communication facility.  Defendant knew and understood that he, Charles Twyman, and Anthony Wheeler were conspiring to possess with intent to distribute and distribute cocaine and that the communications related to that conspiracy.

**III.**

**FACTUAL CORRECTIONS TO PRESENTENCE REPORT**

The government does not have any factual corrections to the Presentence Report.

**IV.**

**THE SENTENCING GUIDELINE CALCULATION**

The government concurs with the offense level calculation in the PSR and paragraph 12 of the plea agreement, which is stated as follows:

| | | | |
|---|---|---|---|
| Base Offense Level  : | 32 | [U.S.S.G.  §§ 2D1.6 & 2D1.1(c)(7)] | |
| Adjustments (Acceptance of Responsibility): | -3 | [U.S.S.G.  § 3E1.1] | |
| Total Offense Level: | 29 | | |

The government concurs with the criminal history calculation provided in the PSR which places defendant in criminal history category III.  <u>See</u> PSR ¶¶ 37-56.  Based on an offense level of 29 and criminal history category of III, defendant's guidelines

range would be 108-135 months.  See U.S.S.G. § 5A.  However, because the maximum sentence for each of defendant's counts of conviction is 48 months, the guidelines range becomes 96 months. PSR ¶ 126.

**V.**

**CONSIDERATION OF THE SECTION 3553 FACTORS AFTER BOOKER**

**A.   The Sentencing Guidelines After Booker**

Under the Sentencing Reform Act as modified by United States v. Booker, 543 U.S. 220 (2005), this Court must analyze and consider the Guideline factors before imposing sentences in federal criminal cases.  543 U.S. at 259, 261 (noting that Sentencing Reform Act "nonetheless requires judges to take account of the Guidelines together with other sentencing goals"); see also United States v. Cantrell, 433 F.3d 1269, 1279 (9th Cir. 2006) (noting that the "[c]ontinuing duty of district courts to consult the Guidelines is statutory").  In United States v. Carty, 520 F.3d 984 (9th Cir. 2008) (en banc), the Ninth Circuit declined to adopt a presumption of reasonableness for appellate review of within-Guideline sentences, but it stated that "normally" a Guideline sentence will not be found unreasonable on appeal.  520 F.3d at 988.

In Carty, the Ninth Circuit went on to provide a detailed framework for federal sentencing.  This Court must begin by determining the applicable guideline range - this range is a "starting point" and "initial benchmark."  Carty, 520 F.3d at 991.  This Court must then ensure that the parties have an opportunity to argue for the sentence that they believe is appropriate.  Id.  This Court must also consider Section 3553(a)

3

in conjunction with these arguments. Id. This Court cannot
presume that a Guideline sentence is reasonable and cannot give
the Guidelines more or less weight than the other 3553(a)
factors. Id. The sentencing must be an "individualized"
determination. Id. Importantly, in deciding the extent of any
proposed departure or variance from the Guideline range, this
Court must consider whether the justification is sufficiently
compelling to support the degree of the variance. Id. The
greater the variance, the more persuasive the justification
should be "because other values reflected in Section 3553(a) -
such as, for example, unwarranted disparity" counsel against the
variance. Id. at 991-92. Also importantly, this Court must
provide enough of an explanation to enable meaningful appellate
review, and this will vary depending upon the complexity of the
case. Id. at 992.

**B.   Consideration of the 3553(a) Factors**

The applicable Sentencing Guidelines range, while not
definitive, provides the starting point for finding a reasonable
sentence and must then be considered with the factors set forth
in Section 3553(a). See Cantrell, 433 F.3d at 1279. "To comply
with the requirements of Booker, the district court must have
sufficiently considered the Guidelines as well as the other
factors listed in § 3553(a). This requirement does not
necessitate a specific articulation of each factor separately,
but rather a showing that the district court consider the
statutorily-designated factors in imposing a sentence." United
States v. Nichols, 464 F.3d 1117, 1125 (9th Cir. 2006), quoting
United States v. Knows His Gun, 438 F.3d 913, 918 (9th Cir.

2006).  In the preceding and following pages of this brief, the government has detailed the facts it believes are relevant to defendant's sentencing.

**1.  Nature and Circumstances of the Offense and History and Characteristics of Defendant**

As detailed above and in the PSR, defendant twice used a telephone to facilitate his role as a "cooker" of cocaine in a cocaine conspiracy.  <u>See</u> PSR ¶¶ 12-16, 19-20.  The creation of such a large amount of crack cocaine, which would then be distributed to others is a serious crime.

Apart from driving related convictions, defendant's criminal history consists of a twenty-year old crack cocaine conviction (PSR ¶¶ 44-45), a nineteen year old marijuana conviction (PSR ¶¶ 46-47) and a perjury conviction (PSR ¶ 52-54).  However, defendant has also been arrested three times for weapons related offenses.  <u>See</u> PSR ¶¶ 40, 42, 43.

While seemingly minor, defendant's repeated driving related convictions and arrests (<u>See</u> PSR ¶¶ 48-51, 58-60) demonstrate a lack of respect for the law and recidivism.

While defendant has also held many jobs (<u>See</u> PSR ¶¶ 100-109), cared for his family (<u>See</u> PSR ¶¶ 80, 84, 86, 87) and expresses remorse for the offense (<u>See</u> PSR ¶ 20), defendant's history and characteristics show an inability to consistently stay out of trouble.  A sentence of 96 months addresses the nature and circumstances of the offense and the history and characteristics of defendant.

**2.  Need to Reflect the Seriousness of the Offense**

The preparation 281 grams of crack cocaine is a serious

offense.  Without question, crack cocaine is a dangerous and
addictive drug that has negatively affected many lives.  A
sentence of 96 months imprisonment reflects the seriousness of
the offense.

### 3.   Deterrence of Criminal Conduct

Defendant's criminal history has only resulted in two real
sentences of incarceration; two years in state prison for his
1988 cocaine base conviction (See PSR ¶ 44) and 90 days for his
2000 perjury conviction (See PSR ¶ 52).  A significant sentence
is needed to deter defendant from future criminal conduct.

### 4.   Need to Protect the Public

The public needs to be protected from individuals, like
defendant, who engage in conduct that results in the creation and
distribution of cocaine.  A sentence of 96 months imprisonment
will protect the public and deter defendant from future criminal
conduct.

### 5.   Need to Provide Defendant with Education

The need to provide defendant with education and vocational
skills, while important in most contexts, must be placed in a
subordinate position to the important considerations of
deterrence, protection of the public and the need for the
sentence to reflect the seriousness of the offense.  See United
States v. Wilson, 350 F. Supp. 2d 910, 921-22 (D. Utah Jan. 13,
2005) (noting that legislative history of Sentencing Reform Act
demonstrates that Congress intended to place rehabilitation as a
secondary consideration where serious crimes were involved).
Defendant has an incomplete education but a long vocational
history.  See PSR ¶¶ 97-109.  Defendant will have access to many

programs in the prison system to which he can avail himself. Neither the presence nor absence of any further educational programs should weigh heavily in this Court's sentencing determination.

**6.    Need to Avoid Unwarranted Disparity in Sentences**

Finally, a sentence in accordance with the Guidelines also properly accounts for "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6). Numerous courts have recognized that the guidelines range serves as a bulwark against sentencing disparity. See United States v. Guerrero-Velasquez, 434 F.3d 1193, 1195 n.1 (9th Cir. 2006) (recognizing that guidelines "help to maintain uniformity in sentencing throughout the country"); United States v. Hunt, 459 F.3d 1180, 1184 (11th Cir. 2006) ("The Guidelines . . . are an indispensable tool in helping courts achieve Congress's mandate to consider 'the need to avoid unwarranted sentence disparities' among similarly situated defendants.") (quoting 18 U.S.C. § 3553(a)(6)); United States v. Smith, 445 F.3d 1, 7 (1st Cir. 2006) (noting that "the guideline range . . . is the principal means of complying with" the goal of avoiding unwarranted sentencing disparity).

In this case, application of a sentence of 96 months, which reflects the guidelines range applicable to the less serious charges that defendant plead to, would provide a fair and reasonable sentence. A 96 month sentence is one-year below the low end of the  guidelines range that would be applicable had defendant been convicted of conspiracy count. A 96 month

1  sentence is also two-years below the mandatory minimum that could
2  have been applicable had defendant been convicted of the
3  conspiracy count.  Furthermore, a 96 month sentence is supported
4  by the factors in Title 18, United States Code, Section 3553.
5  Therefore, by imposing a sentence of 96 months, the Court can
6  insure that there will be no disparity between defendant's
7  sentence and that of any similarly situated defendant.
8                               **VI.**
9                          **<u>CONCLUSION</u>**
10      For the reasons set forth above, the government respectfully
11 requests that the Court sentence defendant to a sentence of 96
12 months imprisonment.  Furthermore, the government would not
13 object to the court setting a surrender date in the future for
14 any custodial sentence.

16 Date: February 2, 2009,   THOMAS P. O'BRIEN
                           United States Attorney

18                         CHRISTINE C. EWELL
                           Assistant United States Attorney
                           Chief, Criminal Division

20                         JOHN J. LULEJIAN
                           Assistant United States Attorney

22                         _____/S/_____
23                         SHAWN J. NELSON
                           Special Assistant United States Attorney
                           Violent & Organized Crime Section

25                         Attorneys for Plaintiff
                           UNITED STATES OF AMERICA

-8-